# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:12-CR-40 (WLS) |
| | : | |
| BRAD HEARD SR. *et al*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Before the Court is the United States of America's Motion to Amend Scheduling. (Doc. 66.) Therein, the Government asks the Court to amend the scheduling order to require the parties to "submit affidavits of authenticity of any documents they propose to authenticate at trial via affidavit" by September 15, 2013, and to hold a subsequent hearing to address any objections to the authentication affidavits. The Government notes it asked for this requirement in its previous proposed scheduling order, but the Court adopted the Defendants' proposed order as the "Parties' Proposed Scheduling Order," without discussion of this proposal. Defendants have not yet responded to the Government's motion but previously objected.

The Government's motion is **DENIED in part** and **GRANTED in part**, as follows: The Court denies the Government's request to require pretrial authentication of exhibits. The Court refuses to impose, over Defendants' objection, discovery obligations above those required by statute and the federal rules. Such a ruling would frustrate Federal Rule of Criminal Procedure 17.1, which provides an avenue for parties to *agree* to issues, such as the use of evidence, during trial. *See* Fed. R. Crim. P. 17.1. Defendants are entitled to put the Government to its burden. The Court also fails to see how the

Government's proposal would expedite this case, if that is indeed the purpose, when a defendant ordinarily must object at trial to preserve an issue for appeal, *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011) ("[T]he overruling of a motion in limine does not suffice for preservation of an objection on appeal."), and any objection before trial could require an evidentiary hearing. Finally, the Government's proposal is tantamount to requiring the parties to identify documents it intends to use a trial—something the Government itself opposed early in this case. (Doc. 56 ("[T]he government is not required to identify under Rule 16 . . . which documents may be tendered into evidence.").)

Consistent with the previous finding, the Court agrees with the Government that its discovery obligations are delineated by the federal rules, statute, and the U.S. Constitution—requiring no more, no less—absent future agreement. The Court grants the Government's motion regarding Paragraph Three of its request and modifies the Order as follows: "Statements of witnesses shall be produced in accordance with the Jencks Act, Title 18, United States Code, Section 3500, and in accordance with the long-established practice in this District, such statements shall be produced at the end of the day before the witness is expected to testify, and under Rule 16. Agent notes or summaries of witnesses are subject to discovery under *Brady* and *Giglio* and under Rule 16." The rest of the adopted order stands unmodified.

**SO ORDERED,** this   12th  day of July 2013.


         /s/ W. Louis Sands  
        **THE HONORABLE W. LOUIS SANDS**  
        **UNITED STATES DISTRICT COURT**