**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : <br> BRAD HEARD SR. *et al*, : <br> : <br> Defendants. : <br> : | Case No. 1:12-CR-40 (WLS) |

## ORDER

Before the Court are voluminous motions from the defendants in the above-captioned case. (Docs. 103, 106, 107, 108, 111, 112, 113, 114, 117, 118, 119, 120, 121.) These motions all run afoul of the Court's rules for various reasons.

First, all of them violate the Court's scheduling order. The Court ordered the parties to confer and submit a joint proposed scheduling order "setting a timeframe for motions, any remaining discovery, readiness for trial, and projected trial dates." (Doc. 59.) As support for this Order, the Court cited Federal Rule of Criminal Procedure 12(c), which provides "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(c). There are consequences for filing untimely motions:

> A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by extension the court provides. For good cause, the court may grant relief from the waiver.

Fed. R. Crim. P. 12(e). Federal Rule 12(b)(3) includes "motion[s] alleging a defect in instituting the prosecution," "Rule 14 motion[s] to sever charges or defendants," and "Rule 16 motion[s] for discovery." Fed. R. Crim. P. 12(b)(3)(A), (C), (D), (E). The Scheduling Order, prepared by defendants and adopted by the Court, provides that

1

"[o]n or before July 1, 2013, the defendants shall file any additional dispositive motions related to dismissal of the indictment, joinder, severance, suppression, alibi, insanity, public authority defense, or any additional motions for discovery and expert witnesses." (Doc. 61 at 2; Doc. 63 at 2 (adopting proposed order).). All of the aforementioned motions are untimely, and none of the defendants have moved to extend the deadline or sought relief from waiver.[1]

Second, the Defendants' practices of joining each other's motions violates the Court's local rules. Under Local Criminal Rule 47.1, "every motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities." M.D. Ga. L. Crim. R. 47.1. Likewise, "[a] motion must state the grounds on which it is based and the relief or order sought." Fed. R. Crim. P. 47(b). To the extent a motion requires the Court's adjudication, it must be accompanied by a memorandum of law *specific to the pleader*. The Court declines to guess or speculate as to which facts and law support which defendant.

Finally, the Court's local rules also provide that "[w]here possible, multiple motions filed at the same time, in the same case, shall be consolidated into one motion with multiple, clearly labeled parts and subparts." M.D Ga. L.R. 7. Amazingly, for example, Defendant Craig Howell has filed about a dozen motions on the same day, three of which seek severance of various counts. It is difficult to understand what goal is served by filing three motions for severance, other than to crowd the docket and confuse other parties.

---

[1] It may be that the existence of the superseding indictment would excuse some of the untimely motions. But none of the defendants moved to extend the deadline or excuse waiver on that basis.

For those reasons, Defendants' motions (Docs. 103, 106, 107, 108, 111, 112, 113, 114, 117, 118, 119, 120, 121) are **DENIED** without prejudice. Going forward, the Court will *sua sponte* deny all motions for joinder, unless previously approved by the Court upon proper motion or as specifically provided for by a cited Rule. A motion *must* be supported by a statement of facts and a memorandum of law. The Court will strictly enforce the scheduling order, which defendants themselves prepared. The Government's Motion to Strike (Doc. 126) is **GRANTED**.

**SO ORDERED,** this 16th day of September 2013.

　/s/ W. Louis Sands　
**THE HONORABLE W. LOUIS SANDS**
**UNITED STATES DISTRICT COURT**